**WO**                                                                                    JDN

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Daniel Ray Davis,                            )    No. CV 05-3352-PHX-NVW (BPV)
                                             )
       Plaintiff,                    )    **ORDER**
                                             )
vs.                                          )
                                             )
Joseph Arpaio,                               )
                                             )
       Defendant.                    )
_____ )

      This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Durango Jail in Phoenix, Arizona.  The Court will dismiss the action with leave to amend.

**A.**   <u>**Application to Proceed In Forma Pauperis & Filing Fee**</u>.

      Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

      Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

JDDL-K

release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.**   **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.**   **Complaint.**

Plaintiff's Complaint concerns conditions at the Durango Jail in Phoenix, Arizona. Plaintiff names Sheriff Joseph Arpaio as the sole Defendant.  In Count I, Plaintiff alleges that on several occasions the toilets and sinks have overflowed causing waste to run onto the floor.  Further, Plaintiff asserts that blood spills remain on the floor for up to six or seven hours before being cleaned, and the air-conditioning needs maintaince. In Count II, Plaintiff

1  contends that the day room is overcrowded forcing inmates to rush their meals, and there is

2  overcrowding in the sleeping areas.  And in Count III, Plaintiff alleges that the food service

3  violates state regulations.  For relief, Plaintiff seeks medical tests and monetary damages.

4  **D.    <u>Failure to State a Claim</u>**

5       *1. Joseph Arpaio*

6       To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a

7  result of the specific conduct of a defendant, and show an affirmative link between the injury

8  and that conduct.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff has not

9  connected his claims to Defendant Arpaio.

10       Arpaio cannot be liable simply based upon his position.  There is no *respondeat*

11  *superior* liability under § 1983, so a defendant's position as the supervisor of a person who

12  allegedly violated Plaintiff's constitutional rights does not impose liability.  <u>Monell v. Dep't</u>

13  <u>of Soc. Servs.</u>, 436 U.S. 658 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A

14  supervisor  is only liable for constitutional violations of his subordinates if the supervisor

15  participated in or directed the violations, or knew of the violations and failed to act to prevent

16  them."  <u>Taylor</u>, 880 F.2d at 1045.  There are no allegations to show that Arpaio participated

17  in or directed the alleged constitutional violations, or that he  knew of the violations and

18  failed to act to prevent them.

19       If the evidence justifies it, Plaintiff may name persons in their individual capacities.

20  If he does so, he must write short, plain statements telling the court: (1) the constitutional

21  right Plaintiff believes was violated; (2) the name of the person who violated the right; (3)

22  exactly what that individual did or failed to do; (4) how the action or inaction of that person

23  is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury

24  Plaintiff suffered because of that person's conduct.  <u>Rizzo</u>, 423 U.S. at 371-72, 377.  Plaintiff

25  must repeat this process for each person he names as a Defendant.  If Plaintiff fails to do this

26  for any person named as a Defendant, the court will dismiss that Defendant from this action.

27       Regarding Arpaio in his official capacity, a suit against him officially is equivalent

28  to a suit brought against the governmental entity.  See <u>Will v. Michigan Dep't of State Police</u>,

1   491 U.S. 58, 71  (1989).    In this case, the governmental entity is Maricopa County.  A

2   county is the liable entity under § 1983 when its policy, practice or custom causes

3   constitutional injury.  See Monell, 436 U.S. at 694.  In that instance, the county's liability is

4   based on the actions of its policymakers, such as a sheriff.  See Cortez v. County of Los

5   Angeles, 294 F.3d 1186, 1188-92 (9th Cir. 2001) (finding that sheriff acted on behalf of

6   county, subjecting county to § 1983 liability).  A sheriff could be sued in his official capacity

7   for a policy, practice, or custom he put into place on behalf of the county that caused the

8   constitutional injury.  There are no allegations to support liability against Arpaio in his

9   official capacity.  In light of the foregoing, there are no named Defendants who may be liable

10  for Plaintiff's claims.  For this reason, Plaintiff's action fails to state a claim.

11          *2.  Hart v. Hill*

12          Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-

13  EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended

14  Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court which

15  entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action

16  is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980,

17  986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,

18  920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.

19  1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim

20  for damages because such orders do not create "rights, privileges, or immunities secured by

21  the Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means

22  by which unconstitutional conditions are corrected but they do not create or enlarge

23  constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his

24  claim is not properly brought in this action.  Instead, his allegations must separately state a

25  violation of a constitutional right.

26  **E.      Leave to Amend.**

27          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

28  a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

1   deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a

2   Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

3   complaint must be retyped or rewritten in its entirety on the court-approved form and may

4   not incorporate any part of the original Complaint by reference.  Any amended complaint

5   submitted by Plaintiff should be clearly designated as such on the face of the document.

6          Plaintiff is also reminded that in an Amended Complaint, he may only include one

7   claim per count.  The "one claim per count" rule is set forth in the form Complaint and

8   accompanying instructions, and is a requirement imposed by the local rules of this Court.

9   See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

10  form).

11         An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

12  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

13  1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

14  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are

15  not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

16  1987).

17  **F.    Address Changes.**

18         In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he

19  must file a notice of change of address if his address changes.  Plaintiff is again reminded

20  that at all times during the pendency of this action, Plaintiff shall immediately advise the

21  Court of any change of address and its effective date.  Such notice shall be captioned

22  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of

23  Change of Address on all opposing parties.  The notice shall contain only information

24  pertaining to the change of address and its effective date, and shall not include a motion for

25  other relief.  Failure to timely file a notice of change of address may result in the dismissal

26  of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

27  Procedure.

28

**G.      Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED that:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)   Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3)   The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

(4)   The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

(5)   Aside from the two copies of the petition or amended petition that must be submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the

case is assigned.  <u>See</u> LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

      (6)  The Clerk of Court shall provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

      DATED this 9th day of November, 2005.

_____
Neil V. Wake
United States District Judge